IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sopo Falani,<br><br>    Petitioner,<br><br>vs.<br><br>Katrina S. Kane,<br><br>    Respondent. | CIV-12-671-PHX-DGC (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

    Petitioner Sopo Falani (A042-209-679), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that immigration officials are holding him in detention pending his removal to Western Samoa. Petitioner argues that he is entitled to release from custody because his detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months); Clark v. Martinez, 543 U.S. 371 (2005) (extending the holding in Zadvydas to inadmissible aliens).

    On July 3, 2012, Respondent filed a notice of Suggestion of Mootness (Doc. 13) indicating that Petitioner was released from custody and placed under an Order of Supervision on June 28, 2012. "[A] petitioner's release from detention under an order of

1  supervision 'moots [her] challenge to the legality of [her] extended detention.'" Abdala v.
2  INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting Riley v. INS, 310 F.3d 1253, 1256-57 (10th
3  Cir. 2002)). Accordingly, on July 11, 2012, the Court ordered Petitioner to show cause why
4  his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 should not be
5  dismissed as moot in light of his release from custody. (Doc. 15.) To date, Petitioner has not
6  responded or otherwise communicated with the Court, and the time for filing a response to
7  the Court's Order has expired.
8       It appearing that the relief requested in Petitioner's habeas petition has been granted,
9  and that the habeas petition is now moot and should, therefore, be dismissed, the Court will
10 recommend that Petitioner's Petition for a Writ of Habeas Corpus be dismissed.
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 26th day of July, 2012.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge